

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**KENNETH J. COTTON**                   CIVIL ACTION

**VERSUS**                                 NO. 00-0138

**CORP. DENNIS LECOMPTE, JR.**         SECT. "T" (3)

### REPORT AND RECOMMENDATION

    Plaintiff, Kenneth J. Cotton, is a prisoner currently incarcerated in the Terrebonne Parish Criminal Justice Complex. He filed this *pro se* and *in forma pauperis* complaint seeking damages pursuant to 42 U.S.C. § 1983 against Corporal Dennis LeCompte, Jr. Plaintiff alleges that Corporal LeCompte confiscated several items he bought from the commissary without giving him a disciplinary report, a "confiscation report," or any kind of hearing prior to taking the commissary items. Plaintiff seeks to have the cost of his confiscated property refunded to his inmate account.

    An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. See *Cay v. Estelle*, 789 F.2d

DATE OF ENTRY JAN 1 9 2000



318 (5th Cir. 1986), *modified on other grounds*, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); <u>see</u> <u>also</u> <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); <u>see</u> <u>also</u> <u>Booker</u>, 2 F.3d at 116. Under the broadest reading of his complaint,[1] Cotton's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

"[A] state actor's random and unauthorized deprivation of a plaintiff's property, [whether negligent or intentional], does not result in a violation of procedural due process rights if the state provides an adequate postdeprivation remedy." <u>Alexander v. Ieyoub</u>, 62 F.3d 709, 712 (5th Cir. 1995).[2] Louisiana law provides an

---

[1] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[2] (Citing <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), <u>overruled in part on other grounds</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Hudson v. Palmer</u>, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

adequate postdeprivation remedy for the deprivation of personal property regardless of whether that deprivation is negligent or intentional. See Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984)(citing Article 2315, Louisiana Civil Code ("Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.")).

Cotton does not allege that the mishandling of his personal property was part of an established prison policy. Therefore, the alleged deprivation of his property is, whether negligent or intentional, precisely the type of "random and unpredictable as well as unauthorized" conduct that warrants application of the Parratt/Hudson doctrine and forecloses plaintiff's section 1983 suit in federal court. Zinermon v. Burch, 494 U.S. 113, 129-30, 110 S. Ct. 975, 985, 108 L. Ed. 2d 100 (1990). Because Cotton's remedy for the alleged deprivation of his property lies in a tort suit for damages in state court, his lawsuit should be dismissed as frivolous.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 18 day of Jan., 2000.

_____
UNITED STATES MAGISTRATE JUDGE